**PARKE, DAVIS & COMPANY, a Michigan corporation,**

v.

**HEALTH CROSS STORES, INC., OF MARYLAND, NO. 50,**

and

**White Cross Health & Beauty Aid Discount Centers, Inc.**

**Civ. A. No. 14663.**

United States District Court
D. Maryland.

Aug. 4, 1964.

Jesse Slingluff, Morton P. Fisher, Jr., Baltimore, Md., James C. McKay and Richard S. Arnold, Washington, D. C., for plaintiff.

Joseph L. Nellis, Washington, D. C., Stanley B. Frosh, Washington, D. C., Camalier, Frosh, Nellis & West, Washington, D. C., of counsel, for defendants.

R. DORSEY WATKINS, District Judge.

In this typical case for injunctive and other relief for alleged violation of the Maryland Fair Trade Act, Maryland Code of Public General Laws, 1957 Edition, Article 83, sections 102–110, the plaintiff has alleged facts which, if established by the evidence, would entitle it to relief against the defendants, assuming that the Maryland Fair Trade Act is valid, both under the Maryland and Federal constitutions.[1]

Defendants answered, denying certain formal allegations on information and belief, but primarily raising as defenses the invalidity of the "non-signer" provisions of the Maryland Fair Trade Act under the Constitution of the State of Maryland, and the invalidity of the "non-signer" provisions of the McGuire Act (15 U.S.C. section 45(a)) under the First and Fourteenth Amendments to the Constitution of the United States.

Plaintiff moved to strike this defense as insufficient in law.

As a result of a pretrial conference, the parties commendably agreed that the outcome of the case should turn upon the court's ruling upon the validity vel non of the non-signers' clause. If the court upheld the validity of this clause, defendants agreed that a permanent injunction be entered against them, and that final judgment be entered for the plain-

---

1. No useful purpose would be served by a summary of the allegations, prepared by very competent counsel, in the light of numerous petitions heretofore passed upon by the court.

tiff. If the court should hold the non-signer clause to be invalid, plaintiff agreed that its complaint be dismissed, and final judgment be entered for defendants.

The question of the validity of the non-signers' clause was fully considered by this court and judge in Parke, Davis & Co. v. G. E. M., Inc., D.Md.1962, 201 F. Supp. 207. Nothing which has transpired since the filing of that opinion has led the court to change its views as to what the law ought to be, or what it apparently is. Subsequent to the filing of the opinion in Parke, Davis: (a) The Maryland Court of Appeals has flatly, if somewhat cursorily, reaffirmed the constitutionality of the non-signer clause. In G. E. M., Inc. v. Plough, Inc., 1962, 228 Md. 484, 180 A.2d 478, the court said (228 Md. at 489, 180 A.2d at 481):

\* \* \* \* \* \*

"The appellant again urges that we strike down the Maryland Fair Trade Act on the ground that the 'non-signer' clause is unconstitutional. The point was carefully considered in the recent case of Home Utilities Co. v. Revere, 209 Md. 610, 122 A.2d 109, citing Goldsmith v. Mead Johnson & Co., 176 Md. 682, 7

A.2d 176, 125 A.L.R. 1339, which in turn relied upon Old Dearborn Co. v. Seagram Corp., 299 U.S. 183, 57 S. Ct. 139, 81 L.Ed. 109. We adhere to the view there expressed, which we think is still the view taken by a majority of the courts that have considered the question. See the annotation in 60 A.L.R.2d 420." [2]

(b) The United States Supreme Court in Hudson Distributors, Inc. v. The Upjohn Company, 1964, 377 U.S. 386, 84 S.Ct. 1273, 12 L.Ed.2d 394, held the Ohio Fair Trade Act came within the exemption provisions of the McGuire Act. The case is interesting in a number of aspects. In Union Carbide & Carbon Corp. v. Bargain Fair, Inc., 1958, 167 Ohio St. 182, 147 N.E.2d 481, the Ohio courts had held that the non-signer provisions of the previous Ohio Fair Trade Act were invalid under the Ohio Constitution. The Ohio Legislature then passed the current act, which was construed by the Ohio courts as regarding vendors of fair traded articles as "implied contractors", not non-signers.[3] The Act was held valid by the state courts,[4] both under the State and Federal Constitutions.

The Supreme Court reviewed the history of the Fair Trade Acts in the federal

---

2. The reference by the Maryland Court of Appeals to the so-called majority view is an accurate paraphrase of the "Summary" of the annotator. However, a study of the summary will show that 14 states had held the non-signer clause valid, and *14* had held it invalid.

As the *Blue Book Annotations* show, the decided trend since the annotation cited and relied upon by the Court of Appeals of Maryland in the Plough decision has been adverse to the constitutionality of the non-signer clause. Arizona has upheld the constitutionality of the clause; Alabama, Iowa, Kansas, Kentucky, Minnesota, Montana, Oklahoma and Wyoming have held it unconstitutional. Pennsylvania in Olin Mathieson Chemical Corporation v. White Cross Stores, Inc., No. 6, et al., 1964, 414 Pa. 95, 199 A.2d 266, and Washington in Remington Arms, Inc. v. Skaggs, 1962, 55 Wash.2d 1, 345 P.2d 1085, have expressly overruled previous decisions holding the non-signer clause to be valid.

The previous holding of the Maryland Court of Appeals in Schill v. Remington Putnam Co., 1941, 179 Md. 83, 95, 17 A.2d 175, 22 A.2d 128, that a non-signer when sued has no standing to attack the terms of contract to which he is not a party, but by which he can be bound, strengthens this judge's views as to the illegality of the Act.

3. Hudson was a non-signer, having expressly refused to sign. 84 S.Ct. at 1276. How being classed as an implied contractor keeps Hudson from being a non-signer, and thus the law is held enforceable against a non-signer, is not clear.

4. Ohio's provision with respect to the court majority necessary to declare a statute unconstitutional is explained in footnote 3 of the Supreme Court majority opinion.

312

courts, and, as indicated, upheld the Ohio Act.

This judge has not had answered to his satisfaction the arguments against the validity of the non-signer clause set forth in 201 F.Supp. 207, 209–211, and particularly is unaware of any attempt to answer the question of how it can be legal for manufacturer A and retailer B legally to coerce retailer C to resell at a price fixed by A and B, whereas if B and C mutually agreed to such price maintenance, it would be illegal.

With even greater reluctance than in the Parke, Davis case, the court feels constrained to uphold the validity of the non-signer clause of the Maryland Fair Trade Act. See 201 F.Supp. at page 213.

The court directs that final judgment be entered for the plaintiff. The court will sign an appropriate permanent injunction on presentation.